_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:23-cv-07027-FWS | Date: December 14, 2023 |
| Title: Du Truong Nguyen v. United States *et al.* | |

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE RE PROOF OF SERVICE**

On August 25, 2023, Plaintiff filed a "Civil Rights Complaint" against Defendants United States of America, Andrew L. Creighton, Paul M. Cruz, Eileen M. Decker, Sheila English, Scott M. Garringer, Kiry K. Gray, John W. Holcomb, Mack E. Jenkins, Lawrence S. Middleton, Lupe Perez, Justin Rhoades, Tracy L. Wilkison, Stephen V. Wilson, and Otis D Wright, II (collectively, "Defendants"). (Dkt. 1.) On September 7, 2023, this case was transferred to Judge Holcomb as a related case. (Dkt. 8.) On September 21, 2023, this case was reassigned to this court. (Dkt. 9.) On October 16, 2023, Plaintiff filed a "Certificate of Service." (Dkt. 11.) The Certificate of Service states:

> I certify that on October 10, 2023, a true and correct copy of the Civil Standing Order that I have served the Office of United States Attorney, address: 312 North Spring Street, Los Angeles, CA 90012. I am depositing the Civil Standing Order of case no. 2:23-cv-07027-FWS in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

(*Id.*)

As of today's date, the record indicates that Plaintiff has not filed adequate proof of service as to any defendant as required by Federal Rule of Civil Procedure 4. (*See generally* Dkt.); Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-cv-07027-FWS                                       Date: December 14, 2023
Title: Du Truong Nguyen v. United States *et al.*

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). In particular, the court notes that Federal Rule of Civil Procedure 4(i) requires multiple forms of service to properly serve the United States, including: (1) "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"; (2) "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;" and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1). Additionally, where a plaintiff is suing a United States officer or employee in their official capacity, as Plaintiff does here, the plaintiff must serve both the United States <u>and</u> the officer or employee. *See* Fed. R. Civ. P. 4(i)(2).

      Accordingly, because Plaintiff has not provided adequate proof of service within ninety days of filing the Complaint, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **January 12, 2024,** why this case should not be dismissed for failure to prosecute. Plaintiff may discharge the Order to Show Cause by filing proof of service demonstrating that Plaintiff served <u>each</u> defendant in accordance with Federal Rule of Civil Procedure 4. Failure to comply with the court's order may result in dismissal. *See* Fed. R. Civ. P. 41(b)*; L. R. 41-6; *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

      **IT IS SO ORDERED.**                                                           Initials of Deputy Clerk: mku